## GENIN *a.* CHADSEY.

*New York Superior Court; Special Term, January,* 1861.

STAY OF PROCEEDINGS.—SECURITY ON APPEAL.

On appeal from an order granting an injunction, as well as on appeals from other orders, the court may grant a stay of the respondent's proceedings upon the order.

What security should be required on such a stay in the case of an injunction restraining an alleged violation of a sign or trade-mark.

Motion for a stay on appeal.

This was an action brought to restrain the defendants from using the name or motto "Live and Let Live" upon the signs at their refreshment saloon, No. 212 Broadway, on the ground that it was an infringement on the plaintiff's right to the sole use of the name in that vicinity; such name having been kept up at his saloon No. 214 Broadway, for many years.

The plaintiff obtained a temporary injunction, and the defendants having appealed to the general term, made a motion for a stay of proceedings until the appeal could be heard.

*J. W. Culver,* for the motion.

*E. W. Dodge,* opposed.

HOFFMAN, J.—This is a motion to stay proceedings upon an order granting an injunction.

The appeal in this case is expressly authorized by subdivision 1, of section 349.

No appeal taken under that section operates as a stay of proceedings; and no security is requisite.

But the power of the court to grant a stay upon terms, is as applicable to cases of appeal from orders granting an injunction as to any orders. (4 *Abbotts' Pr.*, 285.)

In Howe *a.* Searing, Superior Court, General Term, June, 1860, the subject was examined, and the power recognized. It was held, that where the general term had affirmed a judgment for a perpetual injunction, and there was an appeal, a judge at special term could grant a stay of proceedings pending the appeal. To stay the execution or enforcement of an injunction is less objectionable than to renew one ordered to be discharged. The difficulty here is as to the proper terms. The damage to the plaintiff by withdrawing customers is one scarcely capable of being ascertained, should the plaintiff's right declared at special term be sustained; and this was one reason for granting the injunction before the trial. The damages to the defendants, if the sign continues, and he succeeds, will be perhaps exclusively his costs and fees. Under such circumstances, I think the defendants must be compelled to give an undertaking with one surety, conditioned to pay the sum of two hundred dollars, expressly as liquidated damages and not by way of penalty, in case the order allowing the injunction shall be affirmed by the general term of this court, or the appeal be dismissed. This will, I presume, cover the probable damages, for say a month's delay in getting the decision, and the extra fees of counsel on the argument.