Van Vorst, J.
This is an application for a stay of all proceedings upon a judgment entered in this action on the 23rd day of June, 1877. By the judgment the defendant is enjoined and restrained from building upon the Sixth avenue, in the city of New York, from Amity to Fifty-ninth streets, the elevated railway described in the complaint, “upon the plan” mentioned and specified in the judgment. The judgment also awarded to the plaintiff $2,164.94, the .costs of the action. An appeal has been taken by the defendant, from the judgment, to the general term of this court, and the defendant has given an undertaking on such appeal designed to stay the execution of the judgment.
By the provisions of the former Code, in force .when this appeal was taken, the execution of the judgment, in so far as it directed the payment of money, was stayed by notice of appeal and _ undertaking (§§ 335, 348); and by sections 1327, 1352 of the present Code these acts of the defendant secured the same result. Section 348 of the former Code provides that an appeal does not stay the proceedings, unless security be given as upon an appeal to the court of appeals, or “ unless the court or. a judge thereof so order.” I ‘do not find any provision in either Code which enables a party appealing to secure a stay of proceedings upon a judgment awarding a perpetual injunction, by giving an undertaking without the order of “the *56 court or a judge thereof.” Section 1351 of the Code of Civil Procedure has respect to appeals to the general term, and provides that “ security is not required to perfect the appeal, but, except when it is otherwise specially provided bylaw, the appeal does not stay the ■execution of the judgment, unless the court in which the appeal is taken, or a judge thereof, makes an order directing such stay. Such order may be made, and may, from time to time, be modified upon such terms as to security, or otherwise, as justice requires.
The present application must, therefore, be regarded as made with respect to the proceedings upon a judgment from which an appeal has been taken, which are not stayed by filing an undertaking simply in pursuance of some statutory direction, but is dependent -entirely upon an order made by the court or judge. I ■do not understand the counsel for the respondent absolutely to question the power of the court to grant a -stay of proceedings upon the judgment, if the facts be such as to justify its propriety. They did, and with reason, contend upon the argument that no order could be made by a judge at special term to modify or alter the judgment in any respect. No claim was interposed by the counsel for the appellant that such result was within their contemplation. They disavowed such intention or demand. The judgment must stand precisely as it was pronounced and entered, unless it be reversed or modified, in the only way the law provides—and that is by the judgment of the court on the present or any future appeal.
It has been decided in this court that on appeal from an order or judgment granting an injunction, the court may grant a stay of the respondent’s proceedings upon the order or judgment (Genin v. Chadsey, 12 Abb. Pr. 69). Hoffman, J., in that case says: “The power of the court to grant a stay upon terms is as applicable to cases of appeals from orders grant *57 ing an injunction as to any orders and he adds, “in Howe v. Searing,” in this court, at general term, “the -subject was examined and the power recognized, and it was held that when the general term had affirmed a judgment for a perpetual injunction and there was an appeal, a judge at special term could grant a stay of proceedings pending an appeal” (Howe v. Searing, 6 Bosw. 684).
The appellant claims to be entitled to the order which it asks, upon the steps already taken—that is, by the notice of appeal and undertaking already given. But in further support of this application the appellant’s counsel have handed up the opinions lately delivered by the court of appeals, in the cases of the Gilbert Elevated Railway Company v. Kobbe, and in the matter of the petition of the New York Elevated Railroad Company. These opinions form a portion of the papers upon which this motion is made. The claim of the appellant is that the court of appeals has swept away the ground upon which the judgment in this action rests. Had I been satisfied upon the argument that this was clearly so, I would have deemed it my duty at once, and without any delay, to have granted the order staying proceedings. No good reason could have been assigned why the order, under such conditions, should have been withheld. The important rights of the appellant, it seems to me, would have justly demanded a prompt order. But as’ it did not then appear to me to be entirely clear that every right of the parties adjudicated in this action had been passed upon by the judgment of the court of appeals, a delay, as limited as my engagements in court would allow, seemed necessary, in which the papers could be examined, so as to ascertain what has really been, decided by both courts. Justice Sedgwick, before whom the trial at special term was had, in his opinion (41 Super. Ct. 489), reached the conclusion that if the
*58 Rapid Transit Act intended to give, as the defendants claim, the right to use the Sixth-avenue, by placing its tracks upon upright columns in the middle of the street, it is in that respect unconstitutional. He thought it clear upon the trial that the plaintiff suffered an injury peculiar to itself, from the use of the street threatened by the defendant, which entitled it to maintain an action in its own name. He says : " Many other objections were made, based upon the statutes and upon the constitution. A competent examination of these would consume more time than has already been taken, and nothing would be gained toward determining practically the rights of the parties here. These objections were grave and important.” He ordered judgment for the plaintiff, perpetually enjoining the defendant. In the opinion of the judge, therefore, the conclusion reached was based exclusively upon the unconstitutionality of the act of the legislature, under which the defendant was proceeding to construct its railway in the manner indicated. It is true that the judge does find, in pursuance of. what is pointed out in his opinion, that the row of columns on each side of the plaintiff’s tracks and in front of their depot on the Sixth-avenue, would exclusively use and occupy spaces in the street that plaintiff is entitled to use for the purpose of its franchises ; that the damage suffered by plaintiff is peculiar to itself, and that, as owners in fee of land, would also suffer damage peculiar to itself by the avenue in front of its land being incumbered by such rows of columns ; that the construction of the road would occasion special damage and injury to the plaintiff in the other respects mentioned by him. But the conclusions of law reached by the judge upon the facts found establish only that the defendant had not any authority in law to construct and operate an elevated railway according to the specifications, conditions and requirements mentioned in his *59 finding of fact; that the act of the legislature under which the defendant was proceeding did not authorize the construction and operation of such road; that the act of the legislature referred to by him did not constitute and confer legal authority to the defendant to construct and operate the railway it proposed to build. It will be thus seen, that the conclusions of Judge Sedgwick upon which the judgment rests, conform to his views expressed in his opinion, to which reference is above made ; and that the judgment as pronounced by him and perfected, rests exclusively upon the unconstitutionality of the law under which the defendant was proceeding to build its road. As to whether or not the other matters involving the rights of the plaintiff, and injury to its franchise and real property fronting on the avenue through the construction of the defendant’s railway, were sufficient in equity to justify a restraint of the completion of the road by a perpetual injunction, the judge did not- decide. The result reached with respect to the other and principal question, obviated the necessity of any adjudication upon that subject, other than that the plaintiff had a standing to maintain the action. It is true, as is urged, Judge Sedgwick did decide that the proposed railroad of the defendant would be a public nuisance. If built without authority of law it would be clearly so.
The court of appeals, in the first case above cited, decides that the provisions of the Rapid Transit Act intended for the benefit of the defendant are not a violation of the State constitution ; that the changes made by the commissioners" from a tubular railway, to be operated in whole or in part by pneumatic power, to an open railway, to be operated by steam power, and from a structure by which the whole street was to be covered to one by which a portion of some streets would be occupied, were not unauthorized by .law. *60 The judgment of the court of appeals, in fact, fully sustains the legal right of the defendants to construct the elevated railway under the provisions of the Rapid Transit Act.
As the question of damages, and rights in property and franchises and threatened injuries such as are claimed in this action were not involved in the cases decided by the court of appeals, no decision was reached with respect to them. From the examination of the opinion and judgment of this court in this action, as already indicated, it does not appear to have been decided that the plaintiff’s rights and the injuries threatened it, were of a nature that the restraining power of a court of equity, through a perpetual injunction against the completion of a work authorized by law, was indispensable, and that there was no adequate remedy at law for compensation or damages, nor does it, on the other hand, appear by anything adjudicated by the court of appeals in the cases to which reference has been made above, that the plaintiff is not entitled to equitable relief of that nature.
That question remains yet to be determined. But, by its decision that the act in question is constitutional, and authorizes the construction of the defendant’s elevated railway in the form in which it was proceeding to do the work, the ground upon which the judgment-in this court rests would seem to be removed. And if the judgment be upheld, it appears to me, it must be on the other grounds, in respect to which no conclusion was reached by Judge Sedgwick. ■
I refrain from passing any opinion upon these questions ; they will, without doubt, be presented to the' general term for its consideration on the appeal. But the decision of the court of appeals declaring the constitutionality of the act of the legislature in question, influences me to grant the appellant’s motion for a stay o f proceedings. I think that justice demands that the *61 execution of this judgment be stayed until the hearing and final determination of the pending appeal, when an adjudication may be had. As the appeal can be reached and argued early in November, the stay will be of short duration should the respondent then succeed.
But I think that I should interpose as terms of the stay, that the defendant execute an additional undertaking in the sum of ten thousand dollars, with two or more sureties, to be approved by a judge of this court, conditioned to pay aE damages the plaintiff may sustain by reason of the stay. I have the less hesitation in making this order, as it may, from time to time, be modified as justice requires, by the court or a judge thereof.
The defendants, upon obtaining this stay, proceeded with the work which had been enjoined ; and plaintiffs thereupon obtained a new order from another judge of the court, requiring defendants to show cause why they should not be punished for contempt, with temporary injunction against further proceedings.
Without waiting for the return day, the defendants applied at the general term before which the appeal was to be heard and obtained an order vacating this new order. See Code of Civ. Pro. § 626, second sentence; § 772, last sentence.